# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| **KEN RITCHEY** | **PLAINTIFF** |
| v. | **CAUSE NO. 1:18CV335-LG-RHW** |
| **CLARK J. LEVI, ET AL.** | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO DISMISS

BEFORE THE COURT is the [7] Motion to Dismiss filed by the defendants, Clark J. Levi and Alvix Laboratories, LLC. After due consideration of the parties' submissions concerning diversity jurisdiction and the relevant law, it is the Court's opinion that it has subject-matter jurisdiction over the parties in this case. Accordingly, the defendants' Motion to Dismiss will be denied.

### BACKGROUND

This case involves breach of contract and related claims. The Complaint alleges that the plaintiff is a resident of Florida, the defendant Clark J. Levi is a resident of Mississippi, and the defendant Alvix Laboratories, LLC is a Mississippi Limited Liability Company whose only member is Clark J. Levi. (Compl. 1, 2, ECF No. 1.) Jurisdiction is based on the alleged diversity of the parties.

The defendants filed the motion now before the Court seeking dismissal for lack of subject-matter jurisdiction, arguing that complete diversity does not exist because the plaintiff is actually a citizen of Mississippi, not Florida.

### ESTABLISHING DIVERSITY OF CITIZENSHIP

A plaintiff seeking to recover in a federal court has the burden to show that

there was complete diversity of citizenship when the complaint was originally filed. *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 224 (5th Cir. 2012). The defendants argue that, like them, the plaintiff was a resident of Mississippi when he filed this lawsuit in October 2018.

When a defendant makes a "factual" attack on a court's subject-matter jurisdiction, the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Morris v. U.S. Dep't of Justice*, 540 F. Supp. 898, 900 (S.D. Tex. 1982) *aff'd*, 696 F.2d 994 (5th Cir. 1983). "[F]ederal courts must address jurisdictional questions whenever they are raised and must consider jurisdiction sua sponte if not raised by the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (citing *Kidd v. Sw. Airlines, Co.*, 891 F.2d 540, 546 (5th Cir. 1990)); *see also Griffin v. Lee*, 621 F.3d 380, 383-84 (5th Cir. 2010).

"When a person's citizenship is challenged, the burden rests with that person to establish her citizenship by a preponderance of the evidence." *Costopoulos v. Uber Techs., Inc.*, No. CV 18-3590, 2018 WL 4739693, at *4 (E.D. La. Oct. 2, 2018) (citing *Preston*, 485 F.3d at 798). "The ultimate burden on the issue of jurisdiction rests with the plaintiff or the party invoking federal jurisdiction." *Coury v. Prot*, 85 F.3d 244, 250-51 (5th Cir. 1996). The plaintiff in this case bears both of these burdens, as he has invoked federal jurisdiction and his citizenship has been challenged.

Citizenship of a person is determined by where the person is domiciled.

*Hendry v. Masonite Corp.*, 455 F.2d 955 (5th Cir. 1972) ("For purposes of federal diversity jurisdiction 'citizenship' and 'domicile' are synonymous."). Domicile is, however, more than where the party resides – it is the place a person calls home. Thus, when determining a party's domicile, a court looks to such factors as where the person resides, where he works, goes to school, pays his taxes, is registered to vote, the place of his drivers license, and location of family. *Quebe v. Ford Motor Co.*, 908 F. Supp. 446, 449 (W.D. Tex. 1995). Domicile requires the demonstration of two factors: residence and the intention to remain for an unlimited time. *Freeman v. Nw. Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985); *see also Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003).

## Discussion

The defendants attack the factual basis of the Court's diversity jurisdiction with the following documents, which they assert show that the plaintiff is a resident of Mississippi: 1) a complaint filed in December 2016 by the plaintiff in a separate state court lawsuit which alleges that plaintiff resides in Ocean Springs, Mississippi; 2) a docket sheet in the state court proceedings showing the plaintiff's address in Ocean Springs, Mississippi; 3) a Deed of Trust executed by the plaintiff for property in Ocean Springs, Mississippi, dated October 29, 2018; 4) two Mississippi Secretary of State records showing the plaintiff's Ocean Springs, Mississippi address for a corporation dissolved in 2003 and an LLC dissolved in 2012; 5) a Mississippi Secretary of State record showing the plaintiff's Ocean Springs address for an LLC formed in 2011 and currently in good standing; 6) a

Mississippi Secretary of State record showing the plaintiff's wife's Ocean Springs address for an LLC formed in 2008 and currently in good standing; 7) a sales contract executed by the plaintiff in 2017 as manager of a Mississippi LLC; 8) a list of real property owned by the plaintiff in Jackson County, Mississippi; 9) a second deed of trust executed by the plaintiff in December 2008 listing his address in Ocean Springs, Mississippi; and 10) a release of a deed of trust for property in Ocean Springs, Mississippi dated December 2008. (Mot. to Dismiss Exs. A-K, ECF Nos. 7-1 to 7-11.)

The plaintiff argues that he correctly alleged his own Florida residence. He supports his allegation with an affidavit stating that on the date he filed this Complaint, and at least ten years prior, he lived in Florida. (Pl. Resp. Ex. A, ECF No. 10-1.) As of the date of filing, he possessed a Florida driver's license, was registered to vote in Florida, had an automobile registered in Florida, and filed a federal tax return listing a Florida address. He asserts he has never paid Mississippi income taxes, had a Mississippi driver's license, or been registered to vote in Mississippi; he has only had a secondary residence in Mississippi. Copies of documents supporting a number of these statements are attached to his affidavit. He asserts that his attorney erred in alleging he was a resident of Mississippi in the state court complaint, since he was and intends to remain a permanent citizen of Florida.

The evidence provided weighs in favor of Florida as the plaintiff's residence. The plaintiff clearly has property and business interests in Mississippi, but the

factors indicating his domicile point to Florida. He makes his home in Florida and states he intends to remain there indefinitely. For these reasons, the Court finds that it has diversity jurisdiction in this case. The defendants' Motion to Dismiss will be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [7] Motion to Dismiss filed by the defendants, Clark J. Levi and Alvix Laboratories, LLC is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 11th day of March, 2019.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE